IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMIE HORNE,

                        Plaintiff,

        v.                                                OPINION and ORDER

DR. BREEN, DR. HAMILTON, MS. WOLF,                         23-cv-622-jdp
MS. BERG, MS. PERTTU, and LT. LANNOYE,

                        Defendants.

---

Plaintiff Jimmie Horne is currently an inmate at Green Bay Correctional Institution and is proceeding without counsel on Eighth Amendment medical care and excessive force claims. Horne has filed two motions. First, Horne asks the court to compel defendants to produce certain documents. Dkt. 36. Second, Horne requests a 30-day extension to submit his opposition to defendants' motion for summary judgment on exhaustion grounds. Dkt. 37.

I will deny Horne's motion to compel because Horne has not shown that the parties have a dispute that requires court intervention. Horne's motion lists five categories of documents that he says defendants are not giving him. But he does not say that he attempted to confer with defendants before filing his motion. As explained in the scheduling order in this case, I expect both sides to follow the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 37 requires the party asking for court intervention to provide "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This means that Horne must explain what steps he took to resolve the dispute with the opposing party before filing his motion. If Horne confers with defendants and still believes that they are withholding relevant documents, he may renew his motion to compel. But any future motions to compel

must specifically identify what request Horne sent to defendants, what the defendants' response was, why Horne believes that response is inadequate, and what Horne did to resolve the dispute before submitting his motion.

As for Horne's motion for an extension, Horne says that he needs more time to respond to defendants' motion for summary judgment on exhaustion grounds because he does not have counsel, has not been able to get assistance from anyone at Green Bay Correctional Institution, and needs more time to "do the required research necessary to support [his] position why [he] should be granted summary judgement." Dkt. 37. Horne's response to defendants' motion was due September 20. Defendants' motion for summary judgment on exhaustion grounds is not legally complex; it raises straightforward factual issues about whether Horne completed all steps of the administrative grievance process before he filed this lawsuit. Prisoners who bring civil rights cases in this court routinely handle responses on exhaustion motions like defendants' motion in this case without counsel. I will grant Horne's motion for an extension. But Horne should focus on the disputed factual issues which concern the timing of his appeal of the prison's grievance process, and he should explain why he believes defendants' contention that he did not properly exhaust his administrative remedies is wrong.

ORDER

IT IS ORDERED that:

1. Plaintiff Jimmie Horne's motion to compel, Dkt. 36, is DENIED without prejudice.

2. Plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment on exhaustion grounds, Dkt. 37, is GRANTED. The deadline

for plaintiff's brief in opposition is October 25, 2024. The deadline for defendants' reply is November 1, 2024.

Entered September 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge